21-7885-393

CAUSE NO. _____

| | | |
|---|---|---|
| KATHLEEN LIEBERMAN | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | OF DENTON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff, Kathleen Lieberman, complaining of Defendant, Allstate Insurance Company, and for cause of action would show the Court the following:

### Discovery Control Plan

1. As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

### Plaintiff

2. This Petition is filed by Kathleen Lieberman, Plaintiff, an individual whose address is 1704 Pine Hills Lane, Corinth, Texas 76210. The last three digits of Plaintiff's driver's license number are 564. The last three digits of Plaintiff's Social Security number are 462.

### Defendant

3. This Court has jurisdiction over Allstate Insurance Company because said Defendant is a resident of Texas.

### Venue

4. Venue is proper in this county in that the events giving rise to this cause of action occurred within Denton County.

### Jurisdiction

5. The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

1

## Facts

6. Plaintiff was involved in a hit and run accident on November 12, 2019. Plaintiff was parked in her car when struck by an uninsured motorist who left the scene of the accident. Plaintiff was taken to the hospital by ambulance. Her damaged car was left at the scene of the accident.

7. Plaintiff called 911 on the date of the accident and told them the tag # of the hit and run owner.

8. On November 13, 2019, Plaintiff notified Defendant of the incident and of Plaintiff's intent to collect under the terms of the policy. After the hit and run accident, the police were promptly notified. Allstate was informed of the police report case numbers, one for hit and run and the other for the accident. Allstate informed Kathleen that they would arrange for the pickup of her automobile and not to worry.

9. On November 14, 2019, two days after the accident, Defendant sent an email acknowledging the claim and providing the claim number.

10. On December 14, 2019, Plaintiff's counsel sent a letter to Defendant confirming the above facts and advising Defendant that due to the failure of Defendant to pick up the Plaintiff's Automobile, Plaintiff received two parking tickets due to the failure of Defendant to pick up the Plaintiff's car.

11. Plaintiff made demand upon her uninsured motorist coverage. Her insurance carrier, Allstate Insurance Company made an offer that would not even cover her reasonable medical expenses. Plaintiff has had severe damages caused by Allstate's unreasonable insurance adjusting practices.

## Claim for Benefits

12. Kathleen Lieberman was covered by insurance issued by Defendant, Allstate Insurance Company, policy number 000844470391. Uninsured motorist coverage is included under this policy. Plaintiff, Kathleen Lieberman, is an insured person under the terms of the insurance policy as policy holder.

13. This was a hit and run incident and the identity of the liable driver is unknown. Therefore, Plaintiff is seeking recovery for injuries in accordance with the uninsured coverage provision in the policy issued by Allstate Insurance Company.

14. The Allstate Claim number is 0568282925

15. Plaintiff claims that Allstate has engaged in bad faith insurance adjusting.

16. Plaintiff claims that Defendant's conduct was intentional and a knowing violation.

17. All contracts have an obligation of "good faith and fair dealing". Plaintiff claims that Defendant has violated the obligation of good faith and fair dealing with respec to the Insurance Policy contractual obligations to Plaintiff.

18. Plaintiff claims that Defendant had a substantial advantage in negotiating with Plaintiff who has significantly less knowledge of Insurance adjustment procedures than Defendant. Plaintiff also has significantly less knowledge of her rights under the Insurance Policy than Defendant.

19. Plaintiff alleges that Defendant failed to conduct a prompt and thorough investigation of her claim.

20. Plaintiff alleges that Defendant failed to offer a claim settlement in a timely manner when liability became clear.

21. Plaintiff alleges that Defendant tried to settle the claim by offering to settle the claim for a less then a reasonable person would consider fair and reasonable.

22. Plaintiff alleges that Defendant increased the premium on the Insurance Policy at issue as a result of a claim in which the insured was not at fault.

23. Plaintiff alleges that Defendant has misrepresented the value of Plaintiff's claim.

24. Plaintiff alleges that she has loss of consortium damages caused by the conduct of Defendant in adjusting her claim and the claim of her husband.

## Damages - Kathleen Lieberman

25. As a result of the above, Kathleen Lieberman suffered and will continue to suffer, and now seeks actual damages for, the following:

   a. physical pain and suffering;

   b. future physical pain and suffering;

   c. medical or health care expenses; also including dental expenses.

   d. future medical or health care expenses; also including future dental services.

   e. physical impairment;

   f. inconvenience;

   g. future inconvenience;

   h. mental or emotional pain and anguish;

   i. future mental or emotional pain and anguish;

   j. loss of consortium;

   k. future loss of consortium;

   l. loss of enjoyment of life;

   m. future loss of enjoyment of life;

   n. injury to reputation; and

   o. future injury to reputation.

   p. three times the amount Defendant should have paid if it had processed the claim properly.

   q. statutory award of attorney fees, interest and court costs.

## Interest

26. Plaintiff seeks prejudgment and post judgment interest on all damage awards.

## Attorney's Fees and Costs

27. Plaintiff seeks judgment for reasonable attorney's fees and costs

28. As provided in Rule 48, Texas Rules of Civil Procedure, claims for relief made in this Petition are presented in the alternative when necessary to preserve such claim.

### Initial Disclosures

29. As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order.

30. Plaintiff asks the Court to keep the requirement of Initial Disclosures to be made within 30 days.

### Prayer

Plaintiff prays that citation be issued commanding Defendant to appear and answer herein and that Plaintiff be awarded judgment against Defendant for the relief requested herein and for all other relief to which Plaintiff is entitled both in equity and at law.

Respectfully submitted,

Law Offices of Mark Lieberman
1704 Pine Hills Lane
Corinth, TX 76210
State Bar of Texas # 12332520
Phone: 817/905-3772
Fax: 469/385-8823
Email: mjc358@hotmail.com

Mark Lieberman
Attorney for: Plaintiff